[906 NYS2d 578]

In the Matter of YOHAN PARK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 3, 2010

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition containing seven charges of professional misconduct. After a preliminary conference and a hearing, the Special Referee sustained all seven charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge one alleges that the respondent converted escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

The respondent maintained an attorney escrow account at JP Morgan Chase identified as "IOLA - Law Offices of Yohan Park PC." He represented Joyce Cook in the sale of a business to Jeong Ran Yoo Byun. On May 10, 2006, the respondent deposited a $2,300 down payment into his IOLA account on behalf of the purchaser to be held in a fiduciary capacity until the closing. On May 30, 2006, the balance in the respondent's IOLA account was only $917.70.

On May 31, 2006, the respondent deposited $2,265 into his IOLA account and issued a check to Miae Park, attorney for the purchaser, in the amount of $2,300 after the transaction was cancelled.

Charge two alleges that the respondent converted escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3[a] [7]).

On or about July 7, 2006, the respondent deposited $1,000 into his IOLA account as a retainer from his client, Korean Canaan Church, to be held until it was earned. On or about August 1, 2006, the balance in the respondent's IOLA account was $1,109.70, which included the retainer. On or about August 2, 2006, the respondent transferred $910 from his IOLA account into his business account. On or about August 24, 2006, he transferred the $1,000 earned retainer fee from his IOLA account into his business account. However, on July 27, 2006, the balance in his IOLA account had already been depleted to $289.70.

Charge three alleges that the respondent converted escrow funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

On August 14, 2006, the respondent deposited $14,550 on behalf of his client, Sang Pun Kwak, to be held in a fiduciary capacity until August 29, 2006. The balance in the respondent's IOLA account was only $6,179.70 on August 17, 2006.

Charge four alleges that the respondent converted escrow funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

In or about August 2006, the respondent represented himself in the sale of his home to Barbara Webb and served as the escrow agent. On or about August 1, 2006, he received a $25,000 down payment to be held in a fiduciary capacity until the closing. On or about August 7, 2006, approximately three months before the closing, the respondent transferred $7,000 of the down payment into his business account.

Charge five alleges that the respondent converted escrow funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

On or about September 6, 2006, the balance in the respondent's IOLA account was $16,446.70, which consisted of funds that he was holding in a fiduciary capacity on behalf of Barbara Webb. The respondent had no other client's funds in that account.

On or about September 8, 2006, the respondent issued a check for $7,746 payable to his client, Café Thompson, Inc., in an unrelated transaction, from funds he was holding on behalf of Barbara Webb.

Charge six alleges that the respondent improperly commingled funds entrusted to him as a fiduciary, incident to his practice of law, with his personal funds, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

In or about May 2006, the respondent deposited a check for $7,300 from Kun Park, his wife, into his IOLA account. Mrs. Park was not a client and he was not holding those funds in a fiduciary capacity.

Charge seven alleges that the respondent failed to maintain required records for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]).

The respondent failed to maintain a contemporaneous ledger book or similar record for his attorney escrow account showing the source of all funds deposited therein, the names of all persons for whom funds were held, the amount of such funds, the charges or withdrawals from the account and the names of all persons to whom such funds were disbursed.

In view of the absence of factual issues, the Special Referee properly sustained all seven charges and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent has asked the Court to consider the absence of financial loss to his clients, the family problems he was experiencing at the time of the underlying charges and the inadvertent nature of his errors. The respondent has submitted letters from his father, a retired ordained minister of the Presbyterian Church; two attorneys previously associated with the respondent; and one of his father's parishioners. All attest to the respondent's high moral character, honesty, and compassion. The respondent's disciplinary history is previously unblemished.

Notwithstanding that the respondent is a solo practitioner whose practice focuses primarily on immigration law, that he keeps his own records, that his native language is Korean, that he allegedly innocently misunderstood the functions of an IOLA account, and that he has not been the subject of any clients' complaints, he is guilty of serious professional misconduct.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years, with credit for the time elapsed under the interim suspension.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and DILLON, JJ., concur.

Ordered that the respondent, Yohan Park, is suspended from the practice of law for a period of two years commencing immediately and continuing until further order of this Court, with credit for the time elapsed under the interim suspension imposed by decision and order on motion dated October 17, 2008, and leave to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that during said period he: (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent, Yohan Park, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Yohan Park, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).